1  MARY KATE SULLIVAN (State Bar No. 180203)
   LASZLO LADI (State Bar No. 265564)
2  ll@severson.com
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, California 94111
   Telephone: (415) 398-3344
5  Facsimile: (415) 956-0439

6  Attorneys for Defendant
   GREEN TREE SERVICING LLC incorrectly
7  sued as GREEN TREE SERVICING, LLC

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 | RANDY S. SALENFRIEND, an individual, | Case No. 3:14-cv-03251-EDL

13 |          Plaintiff, | **NOTICE OF MOTION; GREEN TREE SERVICING LLC'S MOTION TO**
14 |          vs. | **DISMISS COMPLAINT**

15 | GREEN TREE SERVICING, LLC, a business entity; NBS DEFAULT SERVICES, LLC, a | Date:   September 9, 2014
    |                                       | Time:   9:00 a.m.
16 | business entity; and DOES 1-50, inclusive, | Place:   Courtroom E, 15th Floor

17 |          Defendants. | Action Filed:   June 3, 2014

18

19       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20       **PLEASE TAKE NOTICE** that on September 9, 2014 at 9:00 a.m. or as soon thereafter as

21 the matter may be heard, in Courtroom E, 15th Floor of the above-entitled Court, located at 450

22 Golden Gate Avenue, San Francisco, California, 94102 defendant Green Tree Servicing LLC

23 ("Green Tree") will and hereby does move for an order dismissing Green Tree from the complaint

24 filed by plaintiff Randy S. Salenfriend ("Plaintiff").

25       This motion is made pursuant to Rule 12(b)(6) and is based on the grounds that the

26 complaint and each of its causes of action fails to state a claim against Green Tree upon which

27 relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

28

1     This motion is based on this notice of motion and motion, the memorandum of points and authorities and request for judicial notice filed herewith, the complaint and all other pleadings and records on file in this action, and upon such other argument as the Court may consider at the hearing on this motion.

DATED: July 22, 2014            Respectfully submitted,

                                             SEVERSON & WERSON
                                             A Professional Corporation

                                             By:          */s/ Laszlo Ladi*
                                                               Laszlo Ladi

                                             Attorneys for Defendant GREEN TREE SERVICING LLC incorrectly sued as GREEN TREE SERVICING, LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS............................................................................................... 1

III. LEGAL STANDARD ...................................................................................................... 2

IV. ARGUMENT ................................................................................................................... 3

    A. Plaintiff's First Cause of Action for Breach of Contract Fails................................ 3

        1. Plaintiff Does Not Attach the Forbearance Agreement. ............................. 3

        2. Under the Deed of Trust, a Forbearance is Not a Waiver. .......................... 4

        3. The Forbearance Agreement Does Not Promise a Loan Modification. ................................................................................................ 4

        4. Plaintiff Does Not Sufficiently Allege Damages Because He Admits He Defaulted Because of Financial Difficulties.......................................... 5

    B. The Second Cause of Action for Promissory Estoppel Does Not Allege a Claim. ....................................................................................................................... 5

        1. The Alleged Promise of a Loan Modification is Not Clear and Unambiguous. ............................................................................................. 6

        2. Plaintiff Does Not Allege Reliance or Damages Because Payments on the Loan Were Preexisting Obligations. ................................................ 6

    C. The Third Cause of Action for Wrongful Foreclosure Fails Because Plaintiff Admits He Defaulted on the Loan Because of Financial Difficulties................................................................................................................. 7

    D. Plaintiff's Fourth Cause of Action for Fraud Fails. ................................................. 8

        1. Plaintiff Does Not Plead the Elements With the Required Particularity. ................................................................................................ 9

        2. Plaintiff Has Not and Cannot Plead Reliance or Damages. ......................... 9

    E. The Fifth Cause of Action Under the UCL Fails. .................................................. 10

        1. Plaintiff Fails to Allege Facts Establishing Standing................................. 10

        2. Plaintiff Fails to Allege Facts Establishing Predicate Misconduct. ............ 11

V. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Balistreri v. Pacifica Police Dep't.*,
    901 F.2d 696 (9th Cir.1990) ................................................................................................ 2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 2

*Church of Scientology of Cal. v. Flynn*,
    744 F.2d 694 (9th Cir.1984) ................................................................................................ 3

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir.1994) .................................................................................................. 3

*Conder v. Home Sav. of Am.*,
    680 F.Supp.2d 1168 (C.D. Cal. 2010) ............................................................................... 11

*Durning v. First Boston Corp.*,
    815 F.2d 1265 (9th Cir.1987) .............................................................................................. 3

*Goldilocks Corp. of S. California, Inc. v. Ramkabir Motor Inn Inc.*,
    26 F. App'x 693 (9th Cir. 2002) .......................................................................................... 7

*Hosseini v. Wells Fargo Bank N.A.*,
    2013 WL 4279632 (N.D. Cal., Aug. 9, 2013) ..................................................................... 6

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................................................... 11

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
    940 F.2d 397 (9th Cir. 1991) ............................................................................................... 9

*Lindberg v. Wells Fargo Bank N.A.*,
    2013 WL 3457078 (N.D. Cal. July 9, 2013) ....................................................................... 6

*Mack v. South Bay Beer Distributors*,
    798 F.2d 1279 (9th Cir.1986) .............................................................................................. 3

*Macris v. Bank of Am., N.A.*,
    2012 WL 273120 (E.D. Cal. Jan. 30, 2012) .................................................................... 6, 7

*Miller Auto. Grp., Inc. v. Gen. Motors Corp.*,
    216 F.3d 1083 (9th Cir. 2000) ............................................................................................. 5

*Montoya v. Countrywide Bank*,
    2009 WL 1813973 (N.D. Cal. June 25, 2009) .................................................................... 8

*Mullis v. U.S. Bankr. Ct.*,
    828 F.2d 1385 (9th Cir.1987) .................................................................................................. 3

*Odinma v. Aurora Loan Servs.*,
    2010 WL 2232169 (N.D. Cal. June 3, 2010) .......................................................................... 8

*Parks Sch. of Bus., Inc. v. Symington*,
    51 F.3d 1480 (9th Cir.1995) .................................................................................................... 3

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ............................................................................................... 10

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir.2001) .................................................................................................... 3

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir.1998) .................................................................................................. 3

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................................................. 9

*Williams v. Countrywide Home Loans*,
    1999 WL 740375 (N.D. Cal. Sept. 15, 1999) .......................................................................... 8

**STATE CASES**

*Abdallah v. United Sav. Bank*,
    43 Cal.App.4th 1101 (1996) .................................................................................................... 8

*Arnolds Mgmt. Corp. v. Eischen*,
    158 Cal.App.3d 575 (1984) ..................................................................................................... 8

*Auerbach v. Great W. Bank*,
    74 Cal.App.4th 1172 (1999) .................................................................................................... 7

*Casa Herrera, Inc. v. Beydoun*,
    32 Cal. 4th 336 (2004) ............................................................................................................. 5

*Harris v. Rudin, Richman & Appel*,
    74 Cal.App.4th 299 (1999) ...................................................................................................... 4

*Khoury v. Maly's of Calif., Inc.*,
    14 Cal.App.4th 612 (1993) .................................................................................................... 10

*Laks v. Coast Fed. Sav. & Loan Ass'n*,
    60 Cal.App.3d 885 (1976) ....................................................................................................... 5

*Lazar v. Superior Court*,
    12 Cal.4th 631 (1996) .............................................................................................................. 8

*McKell v. Washington Mutual, Inc.*,
   142 Cal.App.4th 1457 (2006) .................................................................................................. 3

*Nguyen v. Calhoun*,
   105 Cal.App.4th 428 (2003) ................................................................................................... 8

*S. Bay Chevrolet v. GM Acceptance Corp.*,
   72 Cal.App.4th 861 (1999) ................................................................................................... 10

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal.App.4th 153 (1991) ....................................................................................................... 9

*United States Cold Storage v. Great W. Sav. & Loan Ass'n*,
   165 Cal.App 3d 1214 (1985) .................................................................................................. 8

**STATE STATUTES**

Business and Professions Code
   § 17200 .................................................................................................................................. 10
   § 17204 .................................................................................................................................. 10

California Civil Code
   § 1624 ..................................................................................................................................... 4
   § 1624(a)(7) ............................................................................................................................ 4
   § 1625 ..................................................................................................................................... 4

California Code of Civil Procedure
   § 1856 ..................................................................................................................................... 4

Federal Rules of Civil Procedure
   Rule 9(b) ............................................................................................................................ 9, 11
   Rule 12(b)(6) ...................................................................................................................... 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Randy S. Salenfriend ("Plaintiff") sues Green Tree Servicing LLC ("Green Tree") related to foreclosure proceedings against his real property.  Primarily, he contends that Green Tree breached a forbearance agreement because Green Tree did not offer him a permanent loan modification.  However, as its name suggests, the forbearance agreement is only a temporary agreement to accept an amount less than normally due.  There is no promise of a permanent loan modification in a forbearance agreement.  Similarly, an alleged oral promise of a loan modification is not sufficiently definite because a permanent loan modification must be in writing and set forth the specific terms of the modification.  Plaintiff also does not allege any damages because any payments made on the forbearance agreement or otherwise were pursuant to preexisting obligations on the loan.  Finally, Plaintiff cannot contend the foreclosure is wrongful because he admits he fell behind on his payments because of financial difficulties.  For these reasons, and as set forth in greater detail below, Plaintiff fails to state a claim and the complaint should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     STATEMENT OF FACTS

Plaintiff obtained a loan for $417,000 from National City Mortgage, a division of National City Bank ("National City") on December 18, 2007 (the "Loan").  Compl. ¶ 7; Request for Judicial Notice ("RJN"), Ex. A.  The Loan was secured by a deed of trust (the "Deed of Trust") recorded against real property commonly known as 138 Terrazo Lane, American Canyon, California 94503 (the "Property").  *Id*.  The Deed of Trust was assigned to Green Tree on February 18, 2010.  Compl. ¶ 7; RJN, Ex. B.

Due to a loss in income, Plaintiff alleges he contacted Green Tree in May 2012 to discuss his mortgage payments.  Compl. ¶ 8.  Thereafter, Plaintiff contends he followed Green Tree's instructions in pursuit of a permanent loan modification.  Compl. ¶¶ 8–14.  Later, at some unspecified time, Plaintiff received a forbearance agreement which reduced his monthly payment by a small amount (the "Forbearance Agreement").  Compl. ¶ 15.  Plaintiff alleges that an

unnamed representative of Green Tree told him that once the Forbearance Agreement was completed, Plaintiff would receive a permanent loan modification. *Id*.

In December 2012, Plaintiff alleges he was contacted by Green Tree and told his payments were insufficient. Compl. ¶ 16. On March 10, 2013, Trustee Corps recorded a notice of default for a default declared on January 1, 2013. RJN, Ex. C. A notice of sale was recorded on June 26, 2013. RJN, Ex. D. However, this notice of default was rescinded on August 14, 2013. RJN, Ex. E. Plaintiff alleges that he reinstated the loan before the scheduled sale date. Compl. ¶ 18.

However, Plaintiff states that he continued to have financial difficulties and again fell behind on the Loan. Compl. ¶ 19. As a result, NBS Default Services, LLC ("NBS") recorded a notice of default on February 19, 2014. RJN, Ex. F. On the same day (one instrument number earlier), NBS was substituted as trustee under the Deed of Trust by Green Tree. RJN, Ex. G. This notice of default was rescinded by NBS on April 3, 2014, and a new notice of default was recorded on April 10, 2014. RJN, Exs. H, I. No sale has occurred.

### III.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id*. at 554–56, 562–63 (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the facts pleaded in the complaint must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1990).

1   The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir.1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). Nor need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, *supra*, at 988.

### IV.   ARGUMENT

**A.   Plaintiff's First Cause of Action for Breach of Contract Fails.**

In his first cause of action, Plaintiff contends that Green Tree breached the Forbearance Agreement when he was not granted a permanent loan modification agreement. Compl. ¶ 28. Plaintiff also claims Green Tree breached the Forbearance Agreement by not accepting Plaintiff's payments. Compl. ¶ 25. A cause of action for breach of contract requires a contract, plaintiff's performance or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting therefrom. *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489 (2006).

**1.   Plaintiff Does Not Attach the Forbearance Agreement.**

At the onset, this cause of action fails to state a claim because Plaintiff does not attach the Forbearance Agreement to the complaint. *See* Compl. Any such agreement must be in writing. The statute of frauds provides that certain contracts are invalid unless the contract or some note or memorandum of the contract is in writing and subscribed by the party to be charged or by the

1  party's agent.  Cal. Civ. Code § 1624.  Home loans secured by real property are subject to the

2  statute.  Cal. Civ. Code § 1624(a)(7).  Because the claim is for breach of a written contract, the

3  terms of the contract must be set out, verbatim, in the body of the complaint or the written contract

4  must be attached and incorporated by reference into the complaint.  *Harris v. Rudin, Richman &*

5  *Appel*, 74 Cal.App.4th 299, 307 (1999).  Plaintiff fails to comply here.

6       **2.**      **Under the Deed of Trust, a Forbearance is Not a Waiver.**

7        Plaintiff's first claim under this cause of action—that Green Tree breached the Forbearance

8  Agreement by not accepting his payments—fails.  As its name suggests, under the Forbearance

9  Agreement, Green Tree merely abstained from exercising its rights under Deed of Trust.  In fact,

10  the Deed of Trust specifically provides that a forbearance is not a waiver of rights.  RJN, Ex. A at

11  § 12 ("Any forbearance by Lender in exercising any right or remedy including, without limitation,

12  Lender's acceptance of payments…in amounts less than the amount then due, shall not be a

13  waiver of or preclude the exercise of any right or remedy").  Thus, Green Tree had a right to

14  demand payment of the difference between his regular payments and the lesser payments under

15  the Forbearance Agreement.  Green Tree also had a right to end the forbearance.  Accordingly,

16  this portion of Plaintiff's first cause of action does not state a claim.

17       **3.**      **The Forbearance Agreement Does Not Promise a Loan Modification.**

18        Plaintiff's second claim—that Green Tree breached the Forbearance Agreement by not

19  offering him a permanent loan modification—also fails.  Plaintiff simply alleges the Forbearance

20  Agreement required Plaintiff to make reduced monthly payments for a six month period.  Compl.

21  ¶ 24.  Plaintiff does not allege the Forbearance Agreement promised him a permanent loan

22  modification.  *See* Compl. ¶ 24.

23        Plaintiff seems to suggest that Green Tree's representatives orally promised him a

24  permanent loan modification (at some unknown point).  Compl. ¶¶ 15, 27.  However, these alleged

25  oral promises are outside of the Forbearance Agreement and cannot serve as the basis for a breach

26  of contract cause of action based on what must be a written agreement.  The parol evidence rule

27  provides that when parties enter an integrated written agreement, extrinsic evidence may not be

28  relied upon to alter or add to the terms of the writing.  Cal. Code Civ. Proc. § 1856; Cal. Civ. Code

§ 1625; *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (2004).  Accordingly, the second portion of Plaintiff's first cause of action also does not state a claim.

### 4. Plaintiff Does Not Sufficiently Allege Damages Because He Admits He Defaulted Because of Financial Difficulties.

Both portions of Plaintiff's cause of action also fail to state a claim because Plaintiff does not allege damages resulting from the purported breach by Green Tree.  In this cause of action, Plaintiff avers that he was damaged because Green Tree's breach led to a wrongfully created arrearage, overcharges of fees, destruction of credit, and attorney's fees and costs of attempting to save the Property.  Compl. ¶¶ 29, 30.  Thus, in sum, it appears that Plaintiff blames the foreclosure proceedings and the associated potential damages on Green Tree's alleged breach of the Forbearance Agreement.  *Id*.  However, the foreclosure proceedings were not caused by Green Tree's actions, but instead by Plaintiff's default on the Loan.  *See* Compl. ¶ 19.  Plaintiff alleges that after the Loan was reinstated in 2013, he **again** fell behind on the Loan because of his continued financial difficulties.  *Id*.  Therefore, Plaintiff cannot contend that Green Tree's purported failure to accept the reduced payment amounts (which were only different by 1%, according to Plaintiff) led to these alleged damages.  *See* Compl. ¶¶ 15, 16, 25.  Similarly, Plaintiff cannot contend that Green Tree's purported failure to offer a permanent loan modification led to his default when Plaintiff admits it was financial difficulties that led to his default.  *See* Compl. ¶ 19.

For these reasons, Plaintiff's first cause of action fails to state a claim and Green Tree requests the Court grant its motion to dismiss this cause of action with prejudice.

### B. The Second Cause of Action for Promissory Estoppel Does Not Allege a Claim.

A claim for promissory estoppel requires: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise was made; (3) that the reliance be reasonable and foreseeable; and (4) injury caused by the reliance.  *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal.App.3d 885, 890 (1976); *Miller Auto. Grp., Inc. v. Gen. Motors Corp.*, 216 F.3d 1083 (9th Cir. 2000).  In his second cause of action, Plaintiff contends that Green Tree made "certain promises to Plaintiff regarding the permanent modification of Plaintiff's loan and of the Forbearance

Agreement." Compl. ¶ 32. Based on these alleged promises, Plaintiff states that he continued to perform pursuant to the Forbearance Agreement. Compl. ¶ 34. Because Green Tree did not provide a permanent loan modification, Plaintiff claims Green Tree breached the alleged promises. Compl. ¶ 35. However, this cause of action fails to state a claim for two reasons: (1) the alleged promise of a permanent loan modification of unspecified terms is not clear and unambiguous; and (2) reliance and damages cannot be shown where the purported damages are based on a preexisting obligation.

### 1.  The Alleged Promise of a Loan Modification is Not Clear and Unambiguous.

First, Plaintiff's alleged promise of a permanent loan modification is not a clear and unambiguous promise. Plaintiff does not state how Green Tree allegedly promised to modify the Loan or provide any proposed terms. *See* Compl. He does not allege facts about any of the essential terms such as the new interest rate, monthly payment amount, and loan term. *Id.* In the context of loan modifications and loan modification reviews, courts have rejected promissory estoppel claims based on such broad and unspecific alleged promises. *See*, *e.g.*, *Macris v. Bank of Am., N.A.*, 2012 WL 273120, at *8 (E.D. Cal. Jan. 30, 2012)(dismissing claim based unspecific promise of modification that was missing any terms); *Lindberg v. Wells Fargo Bank N.A.*, 2013 WL 3457078, at *5 (N.D. Cal. July 9, 2013)(dismissing claim where allege promise was a loan modification with "reasonable terms"); *Hosseini v. Wells Fargo Bank N.A.*, 2013 WL 4279632, at *6 (N.D. Cal., Aug. 9, 2013)(dismissing claim where alleged promise was a "good faith evaluation" of plaintiff's loan modification application). Here too, the Court should dismiss Plaintiff's cause of action for promissory estoppel because the alleged promise is not clear and unambiguous.

### 2.  Plaintiff Does Not Allege Reliance or Damages Because Payments on the Loan Were Preexisting Obligations.

In addition to Plaintiff's alleged promise not being clear and unambiguous, Plaintiff's claim also fails because he does not allege reliance or damages. Again, Plaintiff claims he relied on the alleged promise and continued to make payments under the Forbearance Agreement. Compl. ¶ 34. However, all of these payments under the Forbearance Agreement where amounts

that Plaintiff otherwise owed under the Loan. *See* Compl. ¶ 15. Reliance and damages cannot be shown where the purported damages are based on a preexisting obligation. *Goldilocks Corp. of S. California, Inc. v. Ramkabir Motor Inn Inc.*, 26 F. App'x 693, 696 (9th Cir. 2002); *Auerbach v. Great W. Bank*, 74 Cal.App.4th 1172, 1185–86 (1999); *see also Macris*, 2012 WL 273120, at *8 (dismissing claim for promissory estoppel where only alleged reliance was continued payments under trial payment plan). Had Plaintiff not made the payments that were due, Green Tree would have been entitled to pursue its remedies under the Loan, including but not limited to, foreclosure. *See* RJN Ex. A. As Plaintiff has not alleged any reliance or damages outside of payments that were already due under the Loan, he fails to state any claim for promissory estoppel.

For the above two reasons, the Court should dismiss Plaintiff's second cause of action for promissory estoppel.

**C.    The Third Cause of Action for Wrongful Foreclosure Fails Because Plaintiff Admits He Defaulted on the Loan Because of Financial Difficulties.**

In his third cause of action for wrongful foreclosure, Plaintiff claims that Green Tree "engineered" the default because Green Tree breached the Forbearance Agreement. Compl. ¶ 40. However, this claim fails because elsewhere Plaintiff admits that he defaulted because of financial difficulties. Compl. ¶ 19. Specifically, Plaintiff alleges that after the Loan was reinstated in 2013, he **again** fell behind on the Loan because of his continued financial difficulties. *Id*. Therefore, Plaintiff cannot contend that Green Tree's purported failure to accept the reduced payment amounts led to the foreclosure. *See* Compl. ¶¶ 15, 16, 25. Under the Forbearance Agreement, Green Tree merely abstained from exercising its rights under Deed of Trust. As discussed above, the Deed of Trust specifically provides that forbearance is not a waiver of rights. RJN, Ex. A at § 12. Thus, Green Tree had a right to demand payment of the past due amounts and a right to end the forbearance and demand Plaintiff's regular monthly payment. Similarly, Plaintiff cannot contend that Green Tree's purported failure to offer a permanent loan modification led to his default when Plaintiff admits it was financial difficulties that led to his default. *See* Compl. ¶ 19. In sum, Plaintiff has not identified any basis for the foreclosure being wrongful.

Aside from Plaintiff's admission that it was his conduct that caused the foreclosure, his cause of action also fails because he does not allege tender. *See* Compl. Under California law, a plaintiff lacks standing to challenge a foreclosure sale in equity unless he or she first tenders the undisputed obligation in full. Tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or challenging the regularity or validity of a foreclosure sale. *See Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996) (explaining that the tender rule applies to "any cause of action for irregularity in the sale procedure"); *United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App 3d 1214, 1225 (1985); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578–79 (1984). This "tender rule" is strictly applied by the California courts. *See Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). It has also been applied with equal strictness in the Northern District. *See*, *e.g.*, *Odinma v. Aurora Loan Servs.*, 2010 WL 2232169 at *4 (N.D. Cal. June 3, 2010) (explaining that "California district courts apply the tender rule in examining wrongful foreclosure claims" and listing examples). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." *Williams v. Countrywide Home Loans*, 1999 WL 740375, at *2 (N.D. Cal. Sept. 15, 1999). In fact, "[u]nder California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt." *Montoya v. Countrywide Bank*, 2009 WL 1813973, at *11–12 (N.D. Cal. June 25, 2009).

Accordingly, Plaintiff's third cause of action for wrongful foreclosure fails to state a claim and the Court should dismiss this cause of action.

**D.     Plaintiff's Fourth Cause of Action for Fraud Fails.**

A cause of action for fraud (or intentional misrepresentation) requires: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter); (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable reliance; and (e) resulting damage. *See*, *e.g.*, *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Here, Plaintiff's fourth cause of action contends that Green

Tree misled Plaintiff related to the Forbearance Agreement because he was allegedly told he would be granted a permanent loan modification.  Compl. ¶ 49.  Plaintiff claims he relied on this alleged statement and was damaged because the Property is subject to foreclosure proceedings and because he is now in default.  Compl. ¶¶ 52–53.

### 1. Plaintiff Does Not Plead the Elements With the Required Particularity.

Under Federal Rules of Civil Procedure rule 9(b), "[i]n alleging fraud … a party must state with particularity the circumstances constituting fraud …."  This "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted)("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.").  Further, "[w]hen the defendant is a corporate defendant, the plaintiff must specifically allege the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).  Plaintiff's claim fails entirely to plead with specificity the who, what when, where and how of the alleged misrepresentation, much less any information of how the speaker had authority to speak for Green Tree.  *See* Compl. ¶ 49.  Thus, Plaintiff fails to meet his required pleading standards under Federal Rules of Civil Procedure rule 9(b) and his fraud claim should be dismissed.

### 2. Plaintiff Has Not and Cannot Plead Reliance or Damages.

Plaintiff contends that he was damaged because the Property is subject to foreclosure proceedings.  Compl. ¶ 52.  Plaintiff also claims he was damaged through various items of alleged damages related to his default on the Loan (such as credit damage, emotional distress, attorney's fees and costs of attempting to save the Property, etc.).  Compl. ¶ 53.  However, all of these items of alleged damages are not related to Green Tree's alleged conduct because they stem from Plaintiff's default on the Loan.  Plaintiff admits he defaulted on the Loan because of his own financial difficulties.  Compl. ¶ 19.  As such, these items of damage do not and cannot result from Green Tree's alleged conduct.  Plaintiff makes no attempt to articulate how he relied on Green

1  Tree's alleged representations regarding the permanent loan modification or how his alleged
2  reliance led to his purported damages. *See* Compl. ¶ 52.
3        Consequently, Plaintiff's cause of action for fraud fails to state a claim. Green Tree
4  respectfully requests the Court grant its motion to dismiss this cause of action.

5  **E.    The Fifth Cause of Action Under the UCL Fails.**

6        Plaintiff's fifth and final cause of action is under California Business and Professions Code
7  section 17200 (unfair competition law, hereinafter "UCL"). A business act may violate the UCL
8  if it is either "unlawful," "unfair," or "fraudulent." Each of these prongs involves "a separate and
9  distinct theory of liability." *S. Bay Chevrolet v. GM Acceptance Corp.*, 72 Cal.App.4th 861, 880–
10 889 (1999). Because a violation of section 17200 may be established by unfair, fraudulent, or
11 unlawful practices, a plaintiff must specifically plead which prong his cause is action is based on.
12 See *Khoury v. Maly's of Calif., Inc.*, 14 Cal.App.4th 612, 619 (1993). Here, Plaintiff's UCL claim
13 is based on his breach of contract and fraud claims that are discussed above. Compl. ¶ 56.

14       **1.    Plaintiff Fails to Allege Facts Establishing Standing.**

15       Regardless of the prong under which his UCL claim is stated, Plaintiff has not pled facts
16 establishing standing to even bring a UCL claim. Business and Professions Code section 17204
17 specifies that an unfair competition claim can be brought "by a person who has suffered injury in
18 fact and has lost money or property as a result of the unfair competition." To have standing, a
19 plaintiff must sufficiently allege that (1) he has lost money or property…and (2) there is a "causal
20 connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact."
21 *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010). Here, Plaintiff alleges
22 damages based on "unjust fees, the accrual of inappropriate arrears, and the costs of preventing
23 loss of title to the Property." Compl. ¶ 57. However, as discussed above, the Property is subject
24 to foreclosure because of Plaintiff's own default on the Loan. *See* Compl. ¶ 19. Therefore, any
25 costs related to the foreclosure do not stem from Green Tree's alleged conduct. Next, Plaintiff
26 does not even allege facts establishing what fees or arrears are at issue, much less why they are
27 wrongful. *See* Compl. ¶ 57. Therefore, Plaintiff fails to establish standing under the UCL.
28

### 2. Plaintiff Fails to Allege Facts Establishing Predicate Misconduct.

Again, Plaintiff's UCL claim is based on his breach of contract and fraud claims that are discussed above. Compl. ¶ 56. To begin, a mere breach of contract claim, without anything more, cannot form the basis for a UCL claim. *Conder v. Home Sav. of Am.*, 680 F.Supp.2d 1168, 1176 (C.D. Cal. 2010). Therefore, this cannot form the basis for Plaintiff's UCL cause of action. Next, under the fraudulent prong, a plaintiff must satisfy the heightened fraud pleading requirements of Federal Rules of Civil Procedure rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Here, Plaintiff bases his allegation of fraudulent conduct under the UCL on the alleged misrepresentation regarding the alleged representation related to the Forbearance Agreement. Compl. ¶ 56. As discussed above, Plaintiff does not allege the details of this alleged misrepresentation with the required particularity. *See* Compl. ¶ 49. Therefore, because Plaintiff's fraud cause of action fails to state a claim, so too does Plaintiff's UCL cause of action predicated on the same alleged conduct.

## V.   CONCLUSION

Green Tree respectfully requests the Court grant its motion to dismiss to the entire complaint. As set forth above, Plaintiff's central theory fails. The forbearance agreement was only a temporary agreement to accept an amount less than normally due. Plaintiff also cannot contend the foreclosure is wrongful because he admits he fell behind on his payments because of financial difficulties.

DATED: July 22, 2014                Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:      */s/ Laszlo Ladi*
             Laszlo Ladi

Attorneys for Defendant GREEN TREE SERVICING LLC incorrectly sued as GREEN TREE SERVICING, LLC